Lauren W. Gershuny, Esq.
Michael K. Fortunato, Esq.
**GENOVA BURNS LLC**
494 Broad Street
Newark, New Jersey 07102
Tel: (973) 533-0777
Fax: (973) 533-1112
lgershuny@genovaburns.com
mfortunato@genovaburns.com

Conlee S. Whiteley, Esq.
Susannah C. McKinney, Esq.
(applications *pro hac vice* to be submitted)
**KANNER & WHITELEY, L.L.C.**
701 Camp Street
New Orleans, Louisiana 70130
Tel: (504) 524-5777
Fax: (504) 524-5763
c.whiteley@kanner-law.com
s.mckinney@kanner-law.com

*Attorneys for Plaintiff,*
*1266 Apartment Corporation d/b/a Horizon House*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| 1266 APARTMENT CORPORATION D/B/A HORIZON HOUSE, | *Document Filed Electronically* |
| Plaintiff, | Civil Action No.: |
| v. | |
| GREATER NEW YORK MUTUAL INSURANCE COMPANY, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff, 1266 Apartment Corporation d/b/a Horizon House ("Plaintiff" or "Horizon"), by way of Complaint against Defendant, Greater New York Mutual Insurance Company ("Defendant" or "GNY"), alleges as follows:

## I.    IDENTIFICATION OF PARTIES (Local Civil Rule 10.1)

1. The names and addresses of the named parties to this action are as follows: (i) 1266 Apartment Corporation d/b/a Horizon House, 2 Horizon Road, Fort Lee, New Jersey 07025; and (ii) Greater New York Mutual Insurance Company, 200 Madison Avenue, New York, New York 10016.

## II.    INTRODUCTION

2. This is an action by Plaintiff, an apartment corporation, against Defendant GNY for recovery of benefits owed under its insurance policy as a result of Superstorm Sandy ("Sandy").

3. Defendant GNY issues commercial property insurance policies to apartment corporations.

4. Plaintiff purchased an "all risk" policy of insurance from Defendant GNY providing for "direct physical loss of or damage to Covered Property," unless the cause of loss is specifically excluded.

5. Plaintiff's covered property sustained substantial and catastrophic damage as a result of Sandy.

6. Defendant GNY failed to properly investigate and adjust Plaintiff's timely submitted Sandy claim and failed to pay the benefits due and owing to Plaintiff under its policy for damages sustained as a result of Sandy.

7. Despite the clear language in Plaintiff's "all risk" policy issued by Defendant GNY, Defendant GNY has unreasonably and in bad faith denied coverage based upon a cursory and inadequate investigation of Plaintiff's Sandy claim through the intentional engagement of

outcome-oriented adjusters and without regard for the policy benefits due and owing to Plaintiff in order to grossly underpay Plaintiff for its Sandy claims.

8. Defendant GNY's egregious bad faith and improper claims handling tactics, including without limitation, its failure to timely communicate with Plaintiff and to timely pay undisputed sums when liability was reasonably clear, can be remedied only by punitive damages levied against Defendant GNY.

9. Plaintiff has suffered and continues to suffer as a result of Defendant GNY's unreasonable and improper denial of Plaintiff's Sandy claims.

### III.  PARTIES

10. Plaintiff 1266 Apartment Corporation d/b/a Horizon House is an apartment corporation incorporated under the laws of the State of New Jersey with its principal place of business at 2 Horizon Road, Fort Lee, Bergen County, New Jersey 07025.

11. Defendant Greater New York Mutual Insurance Company is a mutual company organized under the laws of the State of New York and engaged in the business of insurance, with its principal place of business at 200 Madison Avenue, New York, New York 10016. Defendant GNY is authorized to conduct the business of insurance in the State of New Jersey, and was and is engaged in the business of insurance in Fort Lee, New Jersey and throughout the State of New Jersey.  Defendant GNY may be served with process upon its Corporate Secretary at 200 Madison Avenue, New York, NY 10016, or upon the Superintendent, Commissioner or Director of Insurance for the New Jersey Dept. of Banking and Insurance at its registered address, 20 W. State Street, Trenton, NJ 08625.

12. Defendant named in this Complaint includes all of its predecessor entities and all of their past and present components, including without limitation: parents; subsidiaries;

divisions; franchises; partners; joint ventures; organizational units of any kind; their predecessors, successors and assigns; past and present officers, directors, employees, agents, representatives and other persons acting on their behalf; and affiliate entities, by contractual agreement and/or by having substantially the same business purpose, operation, customers, management and/or ownership.

## IV. JURISDICTION AND VENUE

13. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen of New Jersey, Defendant GNY is a citizen of New York, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

14. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this claim occurred in this district. Venue is also consistent with 44 C.F.R. 61.13 and C.F.R. 61 App. A(3), as the insured property is located in this district.

## V. FACTUAL ALLEGATIONS

15. Plaintiff, at all relevant times, has been the owner of and/or maintained an insurable interest in the properties located at 1, 2, 3, 4, and 5 Horizon Road, Fort Lee, New Jersey 07025 (the "Property"). 5 Horizon Road consists of twin high-rise residential towers referred to as "Buildings 5 and 6."

16. In consideration of the premiums paid, Defendant GNY issued an "all risk" commercial property insurance policy, including insurance coverage for property damage for the risk of direct physical damage caused by Sandy, bearing policy number 1131M9008 (the "Policy"), to Plaintiff.

17. The Policy was in full force and effect for the policy period of December 10, 2011 to December 10, 2012 (the "Policy Period") and insured the Property against direct physical loss or damage, including that caused by wind and/or windstorms. The Policy provides for coverage limits of $43,691,667.00 for 1 Horizon Road, $43,516,524.00 for 2 Horizon Road, $43,662,202.00 for 3 Horizon Road, $43,672,287.00 for 4 Horizon Road, and $108,671,440.00 for 5 Horizon Road (the "Policy Limits") with a deductible amount of $5,000.00 (the "Deductible"). A copy of the Policy is attached hereto as **Exhibit A**.

18. At all relevant times and prior to October 29, 2012, Plaintiff timely paid all premiums due under the Policy.

19. On or about October 29, 2012, during the Policy Period, the Property was ravaged by Sandy and sustained substantial and catastrophic damages as a result.

20. Sandy was a windstorm event, a covered risk under the terms and conditions of Plaintiff's Policy.

21. Plaintiff timely notified Defendant GNY of its losses and damages as a result of Sandy, then receiving Claim Reference Number F0665606-01 ("Sandy Claim or Claim") from Defendant GNY.

22. Upon receiving notice of Plaintiff's Sandy Claim, Defendant GNY had an obligation to conduct an independent and thorough investigation of Plaintiff's covered property to determine the facts material to Plaintiff's Claim and adjust the Claim for the true value of Plaintiff's covered loss.

23. Defendant GNY, however, failed to adequately investigate, inspect, and adjust Plaintiff's Sandy Claim. Instead, Defendant GNY embarked on a course of adjustment using biased and outcome-oriented adjusters to improperly limit its own liability at Plaintiff's expense,

failing to conduct a full investigation of Plaintiff's Property and shifting all investigative burden to Plaintiff.

24. On or about November 19, 2012, Defendant GNY conducted a cursory and inadequate investigation of Plaintiff's Property. Instead of conducting a proper, complete investigation and informing Plaintiff of its full coverage and benefits under the Policy, Defendant GNY intentionally relied mostly on invoices provided to Crawford as the basis for tendering insurance proceeds. Defendant and its agents and adjusters knew or should have known, such invoices revealed only a portion of the damage caused by Sandy, as they encompassed only the most emergent repairs necessary in the storm's aftermath rather than the true scope and value of Plaintiff's Sandy-related loss and damage.

25. Defendant GNY and its agent, Crawford, willfully and intentionally failed to perform a full investigation of those building elements identified as being damaged by Sandy's immense wind speeds.

26. Through its wanton and intentional failure to perform a full investigation, Defendant GNY and its agent, Crawford, in essence, turned a blind eye to the majority of the Sandy-related damage to the Property, hoping instead that it would go undetected by Plaintiff.

27. On or about December 8, 2012, Crawford, based upon its outcome-oriented, cursory and inadequate investigation, and intentional efforts to limit the liability of Defendant GNY, prepared a written estimate of Sandy-related damages to the Property, estimating Plaintiff's Replacement Cost Value ("RCV") of Sandy damages at $85,163.24. After application of the Policy's Deductible, Defendant determined that it was only liable for $80,163.24.

28. The damage identified in Crawford's estimate, however, on its face, required a more adequate and thorough investigation. For example, Crawford's estimate includes "window

reglazing and repair" for only twenty-one (21) units. Despite acknowledging damage to windows and glass balcony doors at the Property, Defendant GNY failed to undertake a full and adequate investigation of all similar windows to identify all locations effected by wind damage and the true extent of Sandy-related damage.

29. On or about January 25, 2013, Defendant GNY tendered payment of the undisputed sums of $80,163.24 to Plaintiff.

30. As Defendant GNY failed to adequately investigate, inspect and adjust Plaintiff's Sandy claim, Plaintiff, unsatisfied with Defendant GNY's adjustment, was forced to retain a public adjuster to assist in the adjustment of its claim. On or about January 17, 2013, Plaintiff hired Karl Denison of the public adjusting firm of Goodman-Gable-Gould/Adjusters International.

31. On or about March 13, 2013, Defendant GNY conducted an additional cursory and inadequate investigation of Plaintiff's Claim. Again, Crawford focused upon invoices provided, which it knew, or should have known, did not reveal the full extent of damages suffered at the Property due to Sandy.

32. Once again, through its repeated and intentional failure to perform a full investigation, Defendant GNY and its agent, Crawford, in essence, turned a blind eye to the majority of the damage to the Property, hoping instead that it would go undetected by Plaintiff.

33. On or about July 4, 2013, after several delays, Defendant GNY prepared a second written estimate of Sandy-related damages to the Property, estimating Plaintiff's Actual Cash Value ("ACV") and RCV Sandy damages to the building at $318,184.32 ("Second Estimate").

34. Defendant GNY's second investigation, however, still did not fully and adequately inspect all windows and glass balcony doors at the Property to properly determine the

extent of wind damage and identify all locations affected by wind damage, even though Defendant GNY was aware that these building elements had sustained covered damage from Sandy and that Plaintiff was entitled to benefits under the Policy for such loss.

35. On or about July 26, 2013, Defendant GNY tendered additional undisputed funds in the amount of $233,021.08 to Plaintiff, corresponding to the amount set forth in Crawford's Second Estimate (less the amount of the $5,000.00 deductible and the prior payment of $80,163.24).

36. As a result of Defendant GNY's inadequate and improper investigation and adjustment of Plaintiff's claim, Plaintiff retained legal counsel, which, in turn, retained consultants to properly evaluate its Sandy-related losses and damages. After a proper investigation and inspection of Sandy-related damages, Plaintiff's experts and consultants determined the scope and value of covered Sandy damage and loss far exceeding the results of Defendant's adjustment.

37. On October 28, 2014, Plaintiff filed suit against Defendant GNY for breach of contract and a breach of the implied covenant of good faith and fair dealing. On May 4, 2015, Plaintiff filed an Amended Complaint.

38. On December 11, 2015, upon motion of Defendant GNY, this Court administratively terminated Plaintiff's action without prejudice so that Defendant GNY could perform further adjustment of Plaintiff's Sandy claim.

39. Defendant GNY adjusted the remainder of Plaintiff's Sandy claim for almost two additional years.

40. Defendant GNY performed multiple inspections of the Property.

41. In response to Defendant GNY's requests, Plaintiff produced over 32,000 pages of documents.

42. Defendant GNY conducted examinations under oath of various witnesses and Plaintiff, in good faith and full cooperation, produced deponents beyond what was required under the Policy.

43. On October 6, 2017, Defendant GNY issued a letter denying the remainder of Plaintiff's claim. (the "Denial Letter"). The Denial Letter states that that the damages identified by Plaintiff's consultants are due to normal wear and tear and lack of or inadequate maintenance.

44. The Denial Letter takes a coverage position that is not fairly debatable under New Jersey law.

45. Through its issuance of the Denial Letter, Defendant GNY continues to avoid coverage and misrepresent the terms and conditions of the Policy. Plaintiff has been forced to expend its time and money for the proper investigation and adjustment of its Claim to obtain the full benefits of its contract of insurance, which have been intentionally and wantonly withheld from Plaintiff by Defendant GNY without a reasonable basis. Defendant GNY's arbitrary and capricious delays and denial, without a reasonable basis, of Plaintiff's Sandy claim forced Plaintiff to initiate legal action to obtain the benefits due and owing under its Policy and to protect its legal rights.

46. Defendant GNY's refusal to pay Plaintiff insurance proceeds due and owing has prevented Plaintiff from properly repairing and/or replacing the damage arising from Plaintiff's covered Sandy damages.

47. Under the terms of the Policy, Defendant GNY is obligated to pay Plaintiff insurance benefits for a covered loss.  Wind and/or windstorm damages and ensuing damages as a result of wind and/or windstorm are covered by the Policy.

48. All obligations and conditions precedent to obtaining payment of benefits under Plaintiff's Policy issued by Defendant GNY have been complied with, met or waived.

49. Defendant GNY's failure and/or refusal to pay insurance benefits due and owing under the Policy constitute a breach of the express terms of the insurance contract.

50. As a result of Defendant GNY's breach of the Policy, Plaintiff has suffered and continues to suffer financial damages in an amount to be determined at trial.

## VI.     COUNT ONE
### (Breach of Contract)

51. Plaintiff repeats and re-alleges the allegations set forth in the previous paragraphs as if fully set forth herein.

52. The Policy is a valid contract of insurance.

53. On or about October 29, 2012, Plaintiff sustained a loss at the Property resulting from the covered peril of wind and/or windstorm.

54. Plaintiff timely submitted a claim for insurance benefits under the Policy, but Defendant GNY has failed to pay all benefits due and owing under the Policy.

55. Plaintiff's Property damage sustained as a result of Sandy is covered under the Policy and no exclusions or policy conditions exist to bar coverage.

56. Defendant GNY owed a duty to its policyholder, Plaintiff, to make prompt and proper payment for Plaintiff's Sandy claims, and to make available its Policy benefits to compensate for Plaintiff's covered Sandy losses and damage.

57. Defendant GNY breached the Policy by failing to pay all benefits available and by utilizing an inappropriate interpretation of the Policy so as to attempt to avoid its duties and obligations imposed by the Policy.

58. Defendant GNY breached the Policy by negligently, grossly negligently, and/or recklessly failing to conduct an adequate, proper, honest, and good faith inspection, adjustment, and investigation of Plaintiff's claim for Sandy-related damages under the Policy.

59. Defendant GNY breached the Policy by basing its denial of Plaintiff's claim for Sandy-related damages on an inadequate investigation, inspection and adjustment of Plaintiff's loss.

60. Defendant GNY breached the Policy by failing to utilize an objective engineer and/or other experts to determine the proper cause of the loss prior to denying Plaintiff's claim for Sandy damages.

61. Defendant GNY breached the Policy by failing to construe the Policy in favor of coverage for the Plaintiff's insured loss.

62. Defendant GNY has breached the terms of the Policy by failing and refusing to pay all amounts due and owing to Plaintiff under the Policy.

63. Other breaches may be determined during discovery in this matter.

64. As a result of Defendant GNY's breaches of the Policy, Plaintiff has been damaged, has not been made whole, and has been unable to make repairs necessary to return the Property to its pre-loss condition.

65. Defendant GNY's arbitrary and capricious delay and denial, without a reasonable basis, of Plaintiff's Sandy claims forced Plaintiff to initiate legal action to obtain the benefits due and owing under its Policy and to protect its legal rights.

66. As a result of Defendant GNY's breach of insurance contract, Plaintiff has suffered and continues to suffer damages, including the amounts to which it is legally entitled to recover under the Policy, in an amount to be determined at trial.

67. Plaintiff has complied with all conditions precedent to the bringing of this action or, in the alternative, Defendant GNY has waived and/or is estopped from raising conditions precedent as a defense.

**WHEREFORE**, Plaintiff requests the following relief in favor of Plaintiff and against Defendant GNY as follows:

   a. Judgment against Defendant GNY for Count One – Breach of Contract;

   b. Compensatory, direct and consequential damages in an amount to be determined at trial;

   c. Pre-Judgment and post-judgment interest;

   d. Costs of Suit;

   e. Attorney's fees and costs; and

   f. Such other and further relief as this Court deems just and proper.

### VII.    COUNT TWO
**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

68. Plaintiff repeats and re-alleges the allegations set forth in the previous paragraphs as if fully set forth herein.

69. Plaintiff and Defendant GNY entered into a contract of insurance, the Policy, whereby Defendant GNY promised to pay for covered losses and damages to Plaintiff's Property.

70. Defendant GNY has a duty to act in good faith and to deal fairly with Plaintiff. The contract of insurance includes an implied covenant of good faith and fair dealing.  This

covenant includes, without limitation, the duty to honestly, promptly and fairly investigate the insured's claims and facts of coverage, evaluate damages, adjust the loss, communicate and cooperate with the insured, assist the insured in its claims presentation, and pay benefits for covered losses and damages.

71.     Defendant GNY has failed to properly, fairly and in good faith adjust Plaintiff's timely submitted Sandy-related claims by engaging in activities that include, but are not limited to:

    a. Failing to communicate or respond to the Plaintiff in a timely fashion;

    b. Failing to pay the undisputed portion of the claim timely;

    c. Failing to timely issue a decision on Plaintiff's Sandy claim;

    d. Failing to retain independent qualified personnel to inspect the loss;

    e. Failing to make a timely offer of settlement;

    f. Failing to negotiate in good faith;

    g. Consistently placing its economic interests over Plaintiff's interests;

    h. Failing to adjust Plaintiff's Sandy claim in a timely manner, despite Plaintiff's full compliance with the Policy's post-loss obligations;

    i. Failing to consider relevant evidence of Plaintiff's Sandy claim, including engineering reports and estimates for damages sustained to the Property;

    j. Failing to assist Plaintiff with its loss;

    k. Failing in its obligation to retain independent and qualified experts to assist in the fair, reasonable, objective and prompt investigation of Plaintiff's claim;

    l. Failing to adopt and implement reasonable standards for the prompt evaluation of Plaintiff's claim;

      m. Wrongfully underpaying Plaintiff's Sandy claim for its own economic benefit;

      n. Ignoring evidence that supports additional coverage and therefore acting unreasonably, unfairly and in bad faith toward Plaintiff;

      o. Misrepresenting facts and Policy provisions in its adjustment of Plaintiff's Sandy claim;

      p. Underpaying Plaintiff's Sandy claim without conducting a reasonable investigation based upon available information.

72. Defendant GNY took a coverage position that it knew had no reasonable, or fairly debatable basis, as it was predicated upon an improper, cursory investigation of the Property and insufficient documentation to establish the true extent of Plaintiff's loss.

73. Defendant GNY's actions in failing to properly and fairly adjust Plaintiff's Sandy claim constitute a breach of the implied covenant of good faith and fair dealing.

74. Defendant GNY knowingly breached the implied covenant of good faith and fair dealing in an attempt to deprive Plaintiff of its rights and reasonable expectations under the insurance contract, the Policy.

75. Other breaches may be determined during discovery in this matter.

76. As a result of Defendant GNY's breaches of the implied covenant of good faith and fair dealing, Plaintiff has been damaged, has not been made whole, and has been unable to make repairs necessary to return the Property to its pre-loss condition.

77. Defendant GNY's arbitrary and capricious denial, without a reasonable basis, of Plaintiff's Sandy claim forced Plaintiff to initiate legal action to obtain the benefits due and owing under its Policy and to protect its legal rights.

78.     As a result of Defendant GNY's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered and continues to suffer damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiff requests the following relief in favor of Plaintiff and against Defendant GNY as follows:

a. Plaintiff demands judgment against Defendant GNY on Count Two—Breach of Implied Covenant of Good Faith and Fair Dealing;

b. Compensatory, direct and consequential damages in an amount to be determined at trial;

c. Punitive damages in an amount to be determined at trial;

d. Pre-Judgment and post-judgment interest;

e. Costs of Suit;

f. Attorney's fees and costs; and

g. Such other and further relief as this Court deems just and proper.

## VIII.   JURY DEMAND

Plaintiff hereby demands trial by jury as to all issues so triable herein.

RESPECTFULLY SUBMITTED,

Dated: December 7, 2017       By:  /s/ Lauren W. Gershuny
    Lauren W. Gershuny, Esq.
    Michael K. Fortunato, Esq.
    **GENOVA BURNS LLC**
    494 Broad Street
    Newark, New Jersey 07102
    Tel: (973) 533-0777
    Fax: (973) 533-1112
    lgershuny@genovaburns.com
    mfortunato@genovaburns.com

    Conlee S. Whiteley, Esq.
    Susannah McKinney, Esq.
    (applications *pro hac vice* to be submitted)
    **KANNER & WHITELEY, L.L.C.**
    701 Camp Street
    New Orleans, Louisiana 70130
    Tel: (504) 524-5777
    Fax: (504) 524-5763
    c.whiteley@kanner-law.com
    s.mckinney@kanner-law.com

    *Attorneys for Plaintiff,*
    *1266 Apartment Corporation d/b/a Horizon House*

## **LOCAL CIVIL RULE 11.2 CERTIFICATION**

Pursuant to L. Civ. R. 11.2, the undersigned counsel for Plaintiff hereby certifies that this matter in controversy is not the subject of any action pending in any court, or of any pending arbitration or administrative proceeding other than the following action: <u>1266 Apartment Corp. d/b/a Horizon House v. Greater New York Mutual Insurance Company</u>, bearing Civil Action No.: 2:14-cv-06725 (CCC)(MF). The referenced action was administratively terminated on December 11, 2015, without prejudice.

Dated: December 7, 2017          By:  /s/ Lauren W. Gershuny
                                                         Lauren W. Gershuny, Esq.
                                                         Michael K. Fortunato, Esq.
                                                         **GENOVA BURNS LLC**
                                                         494 Broad Street
                                                         Newark, New Jersey 07102
                                                         Tel: (973) 533-0777
                                                         Fax: (973) 533-1112
                                                         lgershuny@genovaburns.com
                                                         mfortunato@genovaburns.com

                                                         Conlee S. Whiteley, Esq.
                                                         Susannah McKinney, Esq.
                                                         (applications *pro hac vice* to be submitted)
                                                         **KANNER & WHITELEY, L.L.C.**
                                                         701 Camp Street
                                                         New Orleans, Louisiana 70130
                                                         Tel: (504) 524-5777
                                                         Fax: (504) 524-5763
                                                         c.whiteley@kanner-law.com
                                                         s.mckinney@kanner-law.com

                                                         *Attorneys for Plaintiff,*
                                                         *1266 Apartment Corporation d/b/a Horizon House*

## **LOCAL CIVIL RULE 201(d)(3) CERTIFICATION**

Pursuant to L. Civ. R. 201(d)(3), the undersigned counsel for Plaintiff hereby certifies that the amount in controversy exceeds $150,000.00.

Dated: December 7, 2017             By:  /s/ Lauren W. Gershuny
                                                   Lauren W. Gershuny, Esq.
                                                   Michael K. Fortunato, Esq.
                                                   **GENOVA BURNS LLC**
                                                   494 Broad Street
                                                   Newark, New Jersey 07102
                                                   Tel: (973) 533-0777
                                                   Fax: (973) 533-1112
                                                   lgershuny@genovaburns.com
                                                   mfortunato@genovaburns.com

                                                   Conlee S. Whiteley, Esq.
                                                   Susannah McKinney, Esq.
                                                   (applications *pro hac vice* to be submitted)
                                                   **KANNER & WHITELEY, L.L.C.**
                                                   701 Camp Street
                                                   New Orleans, Louisiana 70130
                                                   Tel: (504) 524-5777
                                                   Fax: (504) 524-5763
                                                   c.whiteley@kanner-law.com
                                                   s.mckinney@kanner-law.com

                                                   *Attorneys for Plaintiff,*
                                                   *1266 Apartment Corporation d/b/a Horizon House*